UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  

18 U.S.C. §1956(h)
18 U.S.C. §982(a)(1)

UNITED STATES OF AMERICA,

Plaintiff,

v.

DEBRA VILLEGAS,

Defendant.
_____/

## INFORMATION

The United States Attorney charges that at all times relevant to this Information:

### GENERAL ALLEGATIONS

1. Debra Villegas was the Chief Operating Officer (COO) of Rothstein, Rosenfeldt and Adler, P.A.

2. Rothstein, Rosenfeldt and Adler, P.A. (hereinafter referred to as "RRA") was a law firm with offices located at 401 East Las Olas Boulevard, Fort Lauderdale, Florida and elsewhere. The law firm employed approximately seventy (70) attorneys and engaged in the practice of law involving a wide range of specialties, including labor and employment law.

3. TD Bank, N.A. (hereinafter referred to as "TD Bank") was a commercial bank with branch offices in thirteen 13 states, including a branch office in Weston, Florida. The executive offices of TD Bank were located in Portland, Maine and Cherry Hill, New Jersey. RRA maintained

multiple bank accounts at TD Bank which were utilized during the course of the "Ponzi" scheme, detailed below.

4. Gibraltar Private Bank and Trust (hereinafter referred to as "Gibraltar Bank") was a commercial bank with seven (7) branch offices, including a branch office in Fort Lauderdale, Florida. RRA maintained several bank accounts at Gibraltar Bank which were utilized during the course of the "Ponzi" scheme, detailed below.

## COUNT 1
(Money Laundering Conspiracy, 18 U.S.C. §1956(h))

1. The General Allegations portion of this Information is incorporated by reference as though fully set forth herein.

2. From in or about December 2007 and continuing thereafter through in or about November 2009, in Broward County, in the Southern District of Florida and elsewhere, the defendant,

DEBRA VILLEGAS,

did knowingly conspire, confederate and agree, with persons known and unknown to the United States Attorney, to commit an offense against the United States in violation of Title 18, United States Code, Section 1957, that is, to knowingly engage and attempt to engage in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, which property had been derived from a specified unlawful activity, that is, mail fraud and wire fraud, in violation of Title 18, United States Code, Sections 1341 and 1343.

## THE PURPOSE AND OBJECT OF THE CONSPIRACY

3. The purpose and object of the conspiracy was to obtain money from investors and then transfer the criminally derived proceeds between and among the accounts at TD Bank and Gibraltar Bank and other financial institutions in amounts in excess of $10,000 in order to convert the money to the use and benefit of members of the conspiracy.

## MANNER AND MEANS OF THE CONSPIRACY

4. It was part of the conspiracy that defendant VILLEGAS and other co-conspirators participated in an investment scheme commonly known as a "Ponzi" scheme. The "Ponzi" scheme involved the sale of purported confidential settlement agreements in sexual harassment and/or whistle-blower cases.

5. It was further part of the conspiracy that the purported confidential settlement agreements were all fictitious.

6. It was further part of the conspiracy that defendant VILLEGAS would assist in fabricating the names of the fictitious plaintiffs and defendants and preparing the purported confidential settlement agreement documents that included the names of the fictitious plaintiffs and defendants.

7. It was further part of the conspiracy that defendant VILLEGAS would forge the names of the fictitious plaintiffs and defendants on the purported confidential settlement agreements.

8. It was further part of the conspiracy that funds from the fraudulent scheme would be sent by interstate wire transfer from investors to TD Bank and Gibraltar Bank.

9. It was further part of the conspiracy that the transfer of criminally derived proceeds from the fraudulent scheme in excess of $10,000 were made between and among accounts at TD Bank and

Gibraltar Bank and other financial institutions in order to convert the money to the use and benefit of the coconspirators.

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATIONS

1.  The allegations of this Information are realleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America of certain property in which the defendant has an interest pursuant to 7(c)(2) and 32.2(a), Federal Rules of Criminal Procedure. Forfeiture is being sought pursuant to the provisions of Title 18, United States Code, Sections 982(a) and 981(a)(1)(C), as made applicable hereto by Title 28, United States Code, Section 2461.

2.  Upon conviction of the offense of Money Laundering Conspiracy set forth in Count 1 of the Information, the defendant, DEBRA VILLEGAS, shall forfeit to the United States all property, real or personal, involved in or traceable to the offense which property shall include:

> i. all money and other property that was the subject of each transaction, transportation, transmission and transfer in violation of Section 1956(h);
>
> ii. all commissions, fees and other property constituting proceeds obtained as a result of those violations; and
>
> iii. all property used in any manner and part to commit and to facilitate the commission of those violations.

3.  The property subject to forfeiture, pursuant to Title 18, United States Code, Sections 982(a)(1) and 981(a)(1)(C), includes but is not limited to:

4

A. A sum of money equal to $1,200,000,000 in United States currency.

B. Real Property:

380 Carrington Drive, Weston, Florida, including all buildings, improvements, fixtures, attachments and easements found therein or thereon and is more particularly described as: Sector 4 North 153-46, Lot 24 BLK A with a Folio Number of 503901020240;

C. Vehicle:

2009 Blue Gray Maserati Granturismo Coup, VIN ZAMGJ45A090042326.

4. If any of the property described above as being subject to forfeiture, as a result of any act and omission of the defendant -

i. cannot be located upon the exercise of due diligence;

ii. has been transferred or sold to, or deposited with, a third party;

iii. has been placed beyond the jurisdiction of the court;

iv. has been substantially diminished in value; or

v. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), and pursuant to Rule 32.2 Fed. R. Crim. P., to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

All pursuant to Title 18, United States Code, Section 982(a)(1) and Title 18, United States Code, Section 981(a)(1)(C) made applicable through Title 28, United States Code, Section 2461; and the procedures outlined at Title 21, United States Code, Section 853.

_____
JEFFREY H. SLOMAN
UNITED STATES ATTORNEY

_____
PAUL F. SCHWARTZ
ASSISTANT UNITED STATES ATTORNEY

_____
JEFFREY N. KAPLAN
ASSISTANT UNITED STATES ATTORNEY

_____
LAWRENCE D. LaVECCHIO
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60126-WJZ/RSR

UNITED STATES OF AMERICA

vs.

DEBRA VILLEGAS

          **Defendant.**
_____/

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

New Defendant(s)   Yes _X_   No ___
Number of New Defendants ___
Total number of counts ___

**Court Division**: (Select One)

___ Miami   ___ Key West
_X_ FTL   ___ WPB   ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) ___
   List language and/or dialect ___

4. This case will take _0_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                                    (Check only one)

   I    0 to 5 days      _X_          Petty      ___
   II   6 to 10 days     ___          Minor      ___
   III  11 to 20 days    ___          Misdem.    ___
   IV   21 to 60 days    ___          Felony     _X_
   V    61 days and over ___

6. Has this case been previously filed in this District Court? (Yes or No) _No_
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) _No_
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No) _No_

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003? ___ Yes  _X_ No

8. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes  _X_ No
   If yes, was it pending in the Central Region? ___ Yes  ___ No

9. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___ Yes  _X_ No

10. Does this case originate from a matter pending in the Narcotics Section (Miami) prior to May 18, 2003? ___ Yes  _X_ No

11. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ___ Yes  _X_ No

_____
Lawrence D. LaVecchio
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0305405

*Penalty Sheet(s) attached

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** DEBRA VILLEGAS

**Case No:** _____

**Count #: 1** 18 U.S.C. § 1956(h); Conspiracy to Commit Money Laundering;

\* **Max. Penalty:** 10 years imprisonment, $250,000 fine or twice the amount of criminally derived property involved in the transaction.

Count #: 2



\*Max. Penalty:

Count #: 3

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 10-60126 |
| DEBRA VILLEGAS | ) | |
| | ) | CR-ZLOCH /ROSENBAUM |
| Defendant | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

U.S. Magistrate Judge Robin S. Rosenbaum
*Judge's printed name and title*